GIBNEY, ANTHONY & FLAHERTY, LLP
John Macaluso (JM 2058)
665 Fifth Avenue
New York, New York 10022
Telephone: (212) 688-5151
Facsimile: (212) 688-8315
E-mail: jmacaluso@gibney.com

*Of Counsel*:
STEPHEN M. GAFFIGAN, P.A.
Stephen M. Gaffigan
312 Southeast 17th Street, 2nd Floor
Ft. Lauderdale, FL 33316
Telephone: (954) 767-4819
Facsimile: (954) 767-4821
E-mail: stephen@smgpa.net



Attorneys for Plaintiff
LIFTED RESEARCH GROUP, INC.

JUDGE SULLIVAN

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------- x
LIFTED RESEARCH GROUP, INC.,          :   CASE NO.
a California corporation,             :
                                      :   **07 CIV 9473**
          Plaintiff,                  :
                                      :
      v.                              :   COMPLAINT FOR DAMAGES AND
                                      :   INJUNCTIVE RELIEF
RONALD BROWN d/b/a SUITE235           :
d/b/a SUITE235.COM and DOES 1-10,     :
                                      :
          Defendants.                 :
------------------------------------------------- x

Plaintiff, LIFTED RESEARCH GROUP, INC., a California corporation ("LRG") sues Defendants, RONALD BROWN d/b/a SUITE235 d/b/a SUITE235.COM ("Brown") and DOES 1-10, (collectively "Defendants") and alleges as follows:

## JURISDICTION AND VENUE

1.      This action seeks to enforce (i) 15 U.S.C. §§ 1114, 1116, 1121, and 1125 and (ii) 17 U.S.C. §101 et seq. Furthermore, this action is one in which diversity of citizenship exists and the amount in dispute exceeds $75,000. Accordingly, this Court has jurisdiction under 28 U.S.C. §§ 1331, 1332, and 1338. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since the named Defendant conducts business with consumers within this Judicial District through at least the fully interactive Internet website Suite235.com.

## THE PARTIES

2.      LRG is a corporation duly organized under the laws of the State of California with its principal place of business in the United States located at One Capital Drive, Lake Forest, California 92630. LRG is, in part, engaged in the business of manufacturing and distributing throughout the world, including within this Judicial District, apparel under the Federally registered trademarks L R G, ♣ and ♣ (collectively, the "LRG Marks").

3.      Brown is an individual who, upon information and belief, resides at 16834 127th Avenue #12G, Jamaica, New York 11434, and who, upon information and belief, conducts business at P.O. Box 341284, Jamaica, New York 11434 within this Judicial District and Brown uses at least the names "Suite235" and "Suite235.com" as aliases to operate his business.

4.      Upon information and belief, Brown is directly and personally engaging in the sale of counterfeit products as alleged herein.

5.      Defendants Does 1 through 5 are, upon information and belief, individuals who reside and/or conduct business within this Judicial District. Further, Does 1 through 5 are directly and personally contributing to, inducing, and engaging in the sale of counterfeit products as alleged herein as partners, business associates, collaborators, or suppliers to the named

Defendant. LRG is presently unaware of the true names of Does 1 through 5. LRG will amend this Complaint upon discovery of the identities of such Defendants.

6.  Defendants Does 6 through 10 are business entities which, upon information and belief, reside and/or conduct business within this Judicial District. Moreover, Does 6 through 10 are, upon information and belief, directly engaging in the sale of counterfeit products as alleged herein as partners, business associates, collaborators, or suppliers to the named Defendant. LRG is presently unaware of the true names of Does 6 through 10. LRG will amend this Complaint upon discovery of the identities of such Defendants.

## COMMON FACTUAL ALLEGATIONS

7.  LRG is the owner of the following trademarks protected by the following United States trademark registrations:

| Mark | Reg. No. | Reg. Date |
|---|---|---|
| L R G | 2,633,832 | October 15, 2002 |
| [tree logo] | 2,958,307 | May 31, 2005 |
| [tree logo] | 2,506,859 | November 13, 2001 |

The LRG Marks are registered in International Class 25 and are used in connection with the manufacture and distribution of, among other things apparel products, including sweatshirts. Additionally, LRG is the owner of United States Copyright Registration No. VA-1-348-151 (the "LRG Copyright"). LRG's ownership and registration of the LRG Copyright precedes Defendants' infringement as alleged herein.

3

8. The LRG Marks and Copyright have been used in interstate commerce to identify and distinguish LRG's high quality apparel, including sweatshirts and other goods for an extended period of time.

9. The LRG Marks and Copyright have never been assigned or licensed to any of the Defendants in this matter.

10. The LRG Marks are symbols of LRG's quality, reputation, and goodwill and have never been abandoned.

11. Further, LRG has expended substantial time, money, and other resources developing, advertising, and otherwise promoting the LRG Marks. The LRG Marks qualify as famous marks as that term is used in 15 U.S.C. § 1125(c)(1).

12. LRG has extensively used, advertised, and promoted the LRG Marks in the United States in association with the sale of apparel, including sweatshirts, and other goods, and has carefully monitored and policed the use of the LRG Marks.

13. As a result of LRG's efforts, members of the consuming public readily identify merchandise bearing the LRG Marks as high quality merchandise sponsored and approved by LRG.

14. Accordingly, the LRG Marks have achieved secondary meaning as an identifier of high quality products, including apparel and other goods.

15. Upon information and belief, at all times relevant hereto, Defendants in this action had full knowledge of LRG's ownership of the LRG Marks and Copyright, including its exclusive right to use and license the LRG Marks and Copyright and the goodwill associated therewith.

16. LRG has discovered Defendants are promoting and otherwise advertising, distributing, selling, and/or offering for sale counterfeit products, including at least sweatshirts and other goods bearing trademarks which are exact copies of the LRG Marks (the "Counterfeit Goods"). Specifically, upon information and belief, Defendants are using LRG's Marks in the same stylized fashion for different quality goods.

17. Upon information and belief, Defendants' Counterfeit Goods are of a quality substantially different from LRG's genuine goods. Despite the nature of their Counterfeit Goods and the knowledge they are without authority to do so, Defendants, upon information and belief, are actively promoting and otherwise advertising, distributing, selling, and/or offering for sale substantial quantities of their Counterfeit Goods with the knowledge that such goods will be mistaken for the genuine high quality products offered for sale by LRG. The net effect of Defendants' actions is to confuse consumers who will believe Defendants' Counterfeit Goods are genuine goods originating from and approved by LRG.

18. Upon information and belief, Defendants advertise their Counterfeit Goods for sale to the consuming public. In advertising these products, Defendants use LRG's Marks. Defendants also reproduce, distribute, use, offer to sell and sell copies of the designs protected by the LRG Copyright. Indeed, Defendants, upon information and belief, misappropriated LRG's advertising ideas and business styles with respect to LRG's genuine products. Upon information and belief, Defendants misappropriated LRG's advertising ideas in the form of LRG's Marks and Copyright, in part, in the course of Defendants' own advertising activities. Defendants' acts are the proximate cause of damage to LRG.

19. Upon information and belief, Defendants are conducting their counterfeiting activities at least within this Judicial District and elsewhere throughout the United States.

Defendants' infringement and disparagement of LRG's trademark rights are not simply a misdescription of their goods or a mere failure of the goods to conform to advertised quality or performance. By their activities, Defendants are defrauding LRG and the consuming public for their own benefit.

20. Defendants' use of the LRG Marks and Copyright, including the promotion, advertising, distribution, sale, and/or offering for sale of the Counterfeit Goods, is without LRG's consent or authorization.

21. Further, Defendants, upon information and belief, may be engaging in the above-described illegal counterfeiting activities knowingly and intentionally, or with reckless disregard or willful blindness to LRG's rights, for the purpose of trading on the goodwill and reputation of LRG. If Defendants' counterfeiting activities are not preliminarily and permanently enjoined by this Court, LRG and the consuming public will continue to be damaged.

22. Defendants' infringing activities described above are likely to cause confusion, deception, and mistake in the minds of consumers, the public, and the trade. Moreover, Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public, and the trade into believing a connection or association exists between LRG's genuine goods and Defendants' Counterfeit Goods.

23. LRG has no adequate remedy at law.

24. LRG is suffering irreparable injury and has suffered substantial damages as a result of Defendants' counterfeiting and infringing activities.

25. The injuries and damages sustained by LRG are directly and proximately caused by Defendants' wrongful advertisement, promotion, and sale of their Counterfeit Goods.

26. LRG has retained the undersigned counsel to represent it in this matter and is obligated to pay a reasonable fee for such representation.

**COUNT I – TRADEMARK COUNTERFEITING AND INFRINGEMENT**

27. LRG incorporates the allegations set forth in Paragraphs 1 through 26 above.

28. This action is for trademark counterfeiting and infringement against Defendants based on Defendants' promotion, advertisement, distribution, sale, and/or offering for sale of the Counterfeit Goods bearing the LRG Marks.

29. Specifically, Defendants, upon information and belief, are promoting and otherwise advertising, selling, offering for sale, and distributing counterfeit and infringing apparel, including sweatshirts and other goods. Defendants are continuously infringing and inducing others to infringe the LRG Marks by using them to advertise, promote, and sell counterfeit apparel, including sweatshirts and other goods.

30. Defendants' counterfeiting activities are likely to cause and are actually causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods bearing the LRG Marks.

31. Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages to LRG.

32. Defendants' above-described illegal actions constitute counterfeiting and infringement of the LRG Marks in violation of LRG's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

33. LRG has suffered and will continue to suffer irreparable injury due to the above described activities of Defendants if Defendants are not preliminarily and permanently enjoined.

**COUNT II – FALSE DESIGNATION OF ORIGIN
PURSUANT TO § 43(a) OF THE LANHAM ACT**

7

34. LRG incorporates the allegations set forth in Paragraphs 1 through 26 above.

35. Defendants' Counterfeit Goods bearing the LRG Marks have been widely advertised and distributed throughout the United States.

36. Defendants' Counterfeit Goods bearing the LRG Marks are virtually identical in appearance to LRG's genuine goods. However, the Counterfeit Goods are inferior in quality. Accordingly, Defendants' activities are likely to cause confusion in the trade and among the general public as to the origin or sponsorship of the Counterfeit Goods.

37. Defendants, upon information and belief, have used in connection with their sales of Counterfeit Goods, false designations of origin and false descriptions and representations, including words or other symbols, which tend to describe or represent such goods falsely, and have caused such goods to enter into commerce with possible knowledge of the falsity of such designations of origin and such descriptions and representations, all to the detriment of LRG.

38. Specifically, Defendants, upon information and belief, authorized and engaged in an infringing use of the LRG Marks in Defendants' advertisement and promotion of their counterfeit and infringing apparel, including sweatshirts and other goods. Defendants, upon information and belief, have misrepresented to members of the consuming public that the Counterfeit Goods being advertised and sold by them are genuine, non-infringing products.

39. Defendants' above-described actions are in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

40. LRG has sustained injury and damage caused by Defendants' conduct. Absent an entry of an injunction by this Court, LRG will continue to suffer irreparable injury to its goodwill and business reputation as well as monetary damages.

**COUNT III – COPYRIGHT INFRINGEMENT**

41. LRG incorporates the allegations set forth in Paragraphs 1 through 26 above.

42. This is an action for copyright infringement against Defendants.

43. Defendants have infringed and will continue to infringe the LRG Copyright at least by copying, selling, advertising, reproducing, and placing into a chain of distribution, unauthorized copies or derivations of LRG's copyrighted work in violation of 17 U.S.C. § 501.

44. Upon information and belief, Defendants may be knowingly and willfully engaging in the copyright infringement alleged herein for the purpose of profiting therefrom.

45. Defendants' unlawful actions have caused and are continuing to cause damage to LRG. LRG will continue to suffer irreparable injury due to the above described activities of Defendants absent, entry of a preliminary and permanent injunction.

## PRAYER FOR RELIEF

46. WHEREFORE, LRG demands judgment jointly and severally against Defendants as follows:

   a. The Court enter a preliminary and permanent injunction enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from advertising or promoting, distributing, selling or offering to sell their Counterfeit Goods; from infringing, counterfeiting, or diluting the LRG Marks and/or LRG Copyright; from using the LRG Marks or any mark or trade dress similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name, or trademark which may be calculated to falsely advertise the services or products of Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with LRG; from falsely representing themselves as being connected with LRG, through sponsorship or association, or engaging in any act which is likely to cause members of the trade and/or the purchasing public to believe any

goods or services of Defendants are in any way endorsed by, approved by, and/or associated with LRG; from using any reproduction, counterfeit, copy, or colorable imitation of the LRG Marks and/or LRG Copyright in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants, including, without limitation, apparel, such as sweatshirts and/or any other goods; from affixing, applying, annexing, or using in connection with the sale of any goods a false description or representation, including words or other symbols tending to describe or represent Defendants' goods falsely as being those of LRG, or in any way endorsed by LRG, and from offering such goods in commerce; and from otherwise unfairly competing with LRG.

    b. Defendants be required to account to and pay LRG for all profits and damages resulting from Defendants' infringing and counterfeiting activities and that the award to LRG be trebled, as provided for under 15 U.S.C. § 1117, or, at LRG's election with respect to Count I, that LRG be awarded statutory damages from each Defendant in the amount of one million ($1,000,000) dollars per each counterfeit LRG Mark used and product sold, as provided by 15 U.S.C. § 1117(c)(2) of the Lanham Act.

    c. Defendants be required to pay LRG for all damages sustained by LRG in consequence of Defendants' copyright infringement described above, together with appropriate interest thereon; Defendants be required to account to LRG for, and disgorge to LRG, and to pay to LRG, all the gains, profits, savings and advantages realized by Defendants from their acts of copyright infringement descried above; LRG be awarded, at its election, statutory damages within the provisions of Sections 504(c) of the Copyright Act, 17 U.S.C. § 504(c), enhanced to reflect the willful nature of Defendants' infringement, instead of an award of actual damages or profits, and be awarded its costs and disbursements incurred in this action, including reasonable attorney fees pursuant to 17 U.S.C. § 505.

  d. LRG be awarded punitive damages.

  e. LRG be awarded pre-judgment interest on its judgment.

  f. LRG be awarded its costs and reasonable attorneys' fees and investigators' fees associated with bringing this action.

  g. That LRG be awarded such other and further relief as the Court may deem just and proper.

DATED this 23 day of October, 2007.

        Respectfully submitted,

        By: _____
        John Macaluso, Esq. (JM 2058)
        Attorneys for Plaintiff, Chanel, Inc.
        665 Fifth Avenue
        New York, NY 10022
        Telephone: (212) 688-5151
        Fax: (212) 688-8315

        *Of Counsel*:
        **STEPHEN M. GAFFIGAN, P.A.**
        Stephen M. Gaffigan
        312 Southeast 17th Street, 2nd Floor
        Ft. Lauderdale, FL 33316
        Telephone: (954) 767-4819
        Facsimile: (954) 767-4821